■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BERNARD FULLER, Appellant. [877 NYS2d 890]—

Judgment, Supreme Court, New York County (A. Kirke Bartley, J.), rendered August 1, 2007, convicting defendant, upon his plea of guilty, of burglary in the third degree, and sentencing him, as a second felony offender, to a term of 3½ to 7 years, unanimously affirmed.

After according defendant a suitable opportunity to be heard, the court properly denied his motion to withdraw his guilty plea (see People v Frederick, 45 NY2d 520 [1978]), and there was no violation of his right to conflict-free representation (see Cuyler v Sullivan, 446 US 335, 348-350 [1980]; Hines v Miller, 318 F3d 157, 162-164 [2d Cir 2003], cert denied 538 US 1040 [2003]). Defense counsel, who negotiated a plea that was as lenient as possible, rendered effective assistance in connection with the plea (see People v Ford, 86 NY2d 397, 404 [1995]), as well as at sentencing, and the record establishes the voluntariness of the plea.

Throughout the proceedings, defendant asserted a defense to the unlawful entry element of burglary that, under the facts of the case, was without any merit or hope of success at trial. Defendant made related, and equally baseless, claims that a trespass notice revoking his privilege to enter certain private property was inadmissible, and that he was entitled to a pretrial determination of its admissibility. In his plea withdrawal motion, defendant claimed that his attorney rendered ineffective assistance by failing to move to reargue unsuccessful applications raising these issues.

This ineffective assistance claim was devoid of merit, first, because counsel did in fact litigate these issues at great length, including by way of reargument, and second, because, as noted, the issues were meritless to begin with. Accordingly, the subject matter of the motion did not create a conflict requiring assignment of new counsel. Similarly, given the meritless nature of the plea withdrawal motion, counsel's statements in defense of his performance, even if they could be viewed as disparaging defendant's motion, could not have affected the court's decision to deny it (see e.g. People v Miller, 5 AD3d 192 [2004], lv denied 3 NY3d 644 [2004]).

To the extent defendant also moved to withdraw his plea on

the ground of innocence, that claim simply reiterated his baseless challenges to the trespass notice. We have considered and rejected defendant's remaining arguments concerning the plea withdrawal motion.

We perceive no basis for reducing the sentence. Concur—Gonzalez, P.J., Tom, Catterson, Richter and Abdus-Salaam, JJ.